**STEPHEN F. LOPEZ, ESQ. (SBN 125058)**
**STEPHEN F. LOPEZ ESQ. APC**
600 B Street Suite 2230
San Diego CA 92101
Telephone:  (858) 682-9666
Facsimile:  (619) 243-7215
Email:  Steve@sflopesq.com

Attorneys for Plaintiff Anne Keyes

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KEYES, | Case No.: _____'15CV1360 MMANLS_____ |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C.  SECTION 1692 ET SEQ.; VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE SECTION  1788 ET SEQ.; VIOLATION OF THE TELEPHONE CALL PROTECTION ACT, 47 U.S.C. SECTION 227** |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware Limited Liability Company, and Does 1 to 10, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Comes now, Plaintiff Anne Keyes, and alleges and complain as follows:

## JURISDICTION AND VENUE

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788-1788.32 ("RFDCPA"), and the Telephone Call Protection Act 47 U.S.C. section 227 ("TCPA").

///

///

2.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. section 1331, 15 U.S.C. section 1692, and 47 U.S.C. section 227.  This Court also has supplemental jurisdiction over the State law claims in this proceeding pursuant to 28 U.S.C. section 1367.

3.    Venue is proper before this Court pursuant to 28 U.S.C. section 1391 (b) (2) in that the acts at issue in this case took place in the City of San Diego, County of San Diego, and State of California.

4.    This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. section 1692a (5) and California Civil Code section 1788.2(f).

5.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. section 1692a (5) and Cal. Civ. Code section 1788.2(d) ("The Debt").

### PARTIES

6.    At all times mentioned herein, Plaintiff Anne Keyes was and is a natural person who resides in the County of San Diego, State of California, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. section 1692a (3) and is a "debtor" as that term is defined by California Civil Code section 1788.2(h).

7.    Plaintiff is informed and believes and thereon alleges that Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") is a Delaware Limited Liability Company, doing business in the City of San Diego, County of San Diego, and State of California.

8.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of court to

Keyes v. Portfolio Recovery                                    Complaint

amend this complaint to show their true names and/or capacities when the same have been ascertained.  Plaintiff is informed, believes and thereon alleges that each of the DOE defendants is, in some manner, legally responsible for the events and happenings herein set forth herein, which acts proximately caused the injury and damages to Plaintiff as herein alleged.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendants PRA and Does to 10 are entities that use instrumentalities of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. section 1692a (6) and California Civil Code section 1788.2(c).

10.     Plaintiff is informed and believes, and thereon alleges, that Defendants PRA and Does 1 to 10 are not attorneys or counselors at law and are entities which, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code section 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code section 1788.2(c).

## GENERAL FACTUAL ALLEGATIONS

11.     Beginning on or about June 23, 2011 and continuing through February 24, 2015, Defendants and each of them individually and through their agents and employees, began a campaign of harassing and threatening Plaintiff in an attempt to collect upon an alleged debt that was in fact owed by another, not Plaintiff.  The acts engaged in by Defendants, and each of them, included, but were not limited to:

a. Calling Plaintiff on her cellular phone through the use of an automated dialing system, without the express prior consent of Plaintiff to do so; Defendants called Plaintiff on her cellular phone via an automated dialer system on at least 43

Keyes v. Portfolio Recovery                                                                        Complaint

occasions.

b.  The placement of telephone calls without meaningful disclosure of the caller's identity.  Defendants would call Plaintiff on her cellular phone and fail to provide or leave any information about the identity of the caller or the true purpose of the call.

c.  Threatening to take action that cannot legally be taken or that is not intended to be taken by attempting to collect on a debt that Defendants knew the applicable statute of limitation had run and/or debts that were not owed by Plaintiff.

d.  The use of a business, company, or organization name other than the true name of the debt collector's business, company, or organization.  Defendants actively hid their true identity in the harassing calls.

e.  The failure to send a debt validation notice as required by 15 U.S.C. section 1692g.

12.  The collection communications made by Defendants and their employees and agents to Plaintiff were false, deceptive, harassing, oppressive, and abusive communications in violation of numerous and multiple provisions of the FDCPA and RFDCPA, including but not to limited to violated 15 U.S.C. section 1692d (6), 15 U.S.C. section 1692e (5), (13), and (14); the violation of 15 U.S.C. section 1692g and California Civil Code Section 1788.17.

13.  The acts and omissions of the individual Defendants, and the other debt collectors employed as agents by Defendants who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

///

///

Keyes v. Portfolio Recovery                                                                    Complaint

14.     The acts and omissions by the individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

15.     By committing these acts and omissions against Plaintiff, the individual Defendants and these other debt collectors were motivated to benefit their principal, Defendants.

16.     Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the RFDCPA, in their attempts to collect this debt from Plaintiffs.

17.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety,  emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's place of work.

## VI.

## FIRST CAUSE OF ACTION

### (Violation of the Fair Debt Collection Practices Act

### 15 U.S.C. section 1692 et seq., against All Defendants)

18.     Plaintiff  refers to the allegations in paragraphs 1 to 17 of her complaint and incorporates those allegations herein as if set forth in full.

19.     The foregoing acts and omissions of Defendants and their agents and employees constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. section 1692 et seq., with respect to Plaintiff.

Keyes v. Portfolio Recovery                                                                    Complaint

20.     As a direct and proximate  result of Defendants' violations of  the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1692k (a) (1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k (a) (2) (A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1692k (a) (3), from each Defendant herein.

## II

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act**

**Section 1788 – 1788.32 against all Defendants)**

21.     Plaintiff refers to the allegations in paragraphs 1 to 20 of her complaint and incorporates those allegations herein as if set forth in full.

22.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

23.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code section 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c) from Defendants.

## III.

## THIRD CAUSE OF ACTION

**(Violation of the TCPA 47 U.S.C. section 227 against all Defendants)**

24.     Plaintiff  refers to the allegations in paragraphs 1 to 23 of her complaint and incorporates those allegations herein as if set forth in full.

25.     The TCPA as found at 47 U.S.C. section 227 provides that it is unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

26.     As alleged herein, Defendants and each of them have called Plaintiff on her cellular phones on at least forty-three occasions commencing on or about June 23, 2011, using an automatic dialing system of a system capable of automatic dialing, without Plaintiff's express prior consent to do so in an attempt to collect a debt.  The calls were made by Defendants to Plaintiff's cellular phone on June 23, 2011, June 27, 2011, June 28, 2011, June 30, 2011, June 30, 2011, July 3, 2011, July 5, 2011, July 6, 2011, July 6, 2011,  July 8, 2011, July 12, 2011, July 13, 2011, July 15, 2011, July 18, 2011, July 20, 2011, July 21, 2011, July 21, 2011, July 25, 2011, July 25, 2011, July 27, 2011, July 27, 2011, July 28, 2011, July 28, 2011, August 1, 2011, August 2, 2011, August 11, 2011, August 19, 2011, August 20, 2011, June 10, 2013, June 19, 2013, January 15, 2014, February 25, 2014, April 9, 2014, April 15, 2014, May 12, 2014, June 14, 2014, July 2, 2014, July 2, 2014, July 2, 2014, July 29, 2014, August 14, 2014, and February 24, 2015.

27.     Pursuant to  47 U.S.C. section 227 a person may bring an for violation of section 227 and/or the regulations prescribed under section 227 to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.

///

///

Keyes v. Portfolio Recovery                                                    Complaint

28.     Pursuant to 47 U.S.C. section 227 a person may recover up to $1,500.00 per telephone call if the violation of the TCPA was willful.  Plaintiff is informed and believes and thereon alleges that the calls to Plaintiff's cellular phones by Defendants were willful.

29.     As a direct and proximate result of the acts of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the sum of at least $500.00 for each call made to Plaintiff in violation of the TCPA, together with the actual damages incurred by Plaintiff as a result of those calls, including, but not limited to damages for emotional distress and the cost of the telephone service all of which were incurred as a direct and proximate result of the acts of Defendants.

Wherefore, Plaintiff prays for:

On the First Cause of Action;

1.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. section 1692k(a)(2)(A) against each Defendant;

2.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. section 1692k(a)(3) against each Defendant;

On the Second Cause of Action;

1.     For an award of actual damages pursuant to California Civil Code section 1788.30 (a), from Defendants;

2.     For an award of statutory damages of $1,000.00, pursuant to California Civil Code section 1788.30(b), from all Defendants;

3.     For an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code section 1788.30(c), from Defendants;

///

Keyes v. Portfolio Recovery                                                            Complaint

On the Third Cause of Action;

1.      For an award of actual damages pursuant to 47 U.S.C. section 227 from

        Defendants for Plaintiff;

2.      For an award of statutory damages of $1,500.00 per telephone call, pursuant to 47

        U.S.C. section 227 from all Defendants;

On all Causes of Action;

1.      For costs of suit incurred herein;

2.      For such further relief as the Court deems just and proper.


Dated:    June 22 2015                          STEPHEN F. LOPEZ ESQ. APC


                                        By: /s/ Stephen F. Lopez
                                                Stephen F. Lopez, Attorney for Plaintiff,
                                                Anne Keyes



                              **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in the above captioned matter.

Dated:    June 22 2015                          STEPHEN F. LOPEZ ESQ. APC


                                        By: /s/ Stephen F. Lopez
                                                Stephen F. Lopez, Attorney for Plaintiff,
                                                Anne Keyes

Keyes v. Portfolio Recovery                                              Complaint